# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA CORPORATION; and THE CIGNA GROUP,<br><br>　　　　Defendants | Case No. 2:24-cv-06900 |

## O R D E R

AND NOW, this _____ day of _____, 20___, upon consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1. Plaintiff is permitted to file the Complaint so that the caption reflects the name of the Plaintiff as, "Jane Doe";

2. The parties shall file any and all pleadings and other documents with the Court using, "Jane Doe," for Plaintiff's name, and/or shall redact any pleadings and other documents filed of Plaintiff's name;

3. Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any amendment thereto.

BY THE COURT:

_____

, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>   Plaintiff,<br><br>   v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA CORPORATION; and THE CIGNA GROUP,<br><br>   Defendants | Case No. <u>2:24-cv-06900</u> |

## **MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY**

  Plaintiff, Jane Doe, hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

  **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use "Jane Doe" for Plaintiff's name; and permit Plaintiff to redact her home address from the Complaint and any amendment thereto.

DATED:  <u>12/31/2024</u>　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　Justin Robinette, Esquire
　　　　　　　　　　　　　　　　　　PA Supreme Court I.D. No. 319829
　　　　　　　　　　　　　　　　　　One Liberty Place,
　　　　　　　　　　　　　　　　　　1650 Market Street, Suite 3600
　　　　　　　　　　　　　　　　　　PMB #2494
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　Tel: (267) 595-6254
　　　　　　　　　　　　　　　　　　Fax: (267) 592-3067
　　　　　　　　　　　　　　　　　　Justin@JRobinetteLaw.com

　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>   Plaintiff,<br><br>   v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA CORPORATION; and THE CIGNA GROUP,<br><br>   Defendants | Case No. 2:24-cv-06900 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, Jane Doe, hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and states as follows:

**I. MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II. QUESTION PRESENTED:**

1. Whether Plaintiff should be permitted to proceed with a pseudonym and redact her home address from the Complaint because she has articulated a legitimate fear of severe harm that is reasonable under existing Third Circuit precedent?

   Suggested Answer: **YES.**

**III. STATEMENT OF FACTS:**

Plaintiff files the instant request for anonymity in order to proceed anonymously, as "Jane Doe," in Plaintiff's Complaint, and in the instant litigation. Plaintiff identifies in the Complaint as a "transgender woman." *See* Pltf.'s Compl., ECF No. 1, at para. 8. Plaintiff's preferred pronouns are "she" and "her." *See id.* Plaintiff has also been diagnosed with gender dysphoria ("GD"). *See id.* at para. 9.

Plaintiff has filed a Complaint against Defendants, Cigna Health and Life Insurance Company, Cigna Corporation, and/or The Cigna Group (hereinafter "Cigna" or "Defendants"). Cigna is an insurance company that administers and underwrites Plaintiff's employer-sponsored health insurance plan. *See id.* at para. 13. Plaintiff alleges Defendants discriminated against Plaintiff by repeatedly denying her pre-authorization request for coverage of facial feminization surgery ("FFS") procedures, including "a reduction of the forehead, sinus wall setback, and reconstruction of the chin including an osteotomy," which were sought as gender-affirming, medically necessary treatment in order to alleviate Plaintiff's gender dysphoria disability. *See id.* at para. 15. Plaintiff contends that Defendants repeatedly excluded gender-affirming care to Plaintiff because the care was gender-affirming, stating in their initial denial of Plaintiff's pre-authorization request, dated October 9, 2024, that, "Facial feminization surgery is considered not medically necessary **when performed as part of a gender reassignment.**" *See id.* at para. 20 (emphasis added). The Defendants' policy relating to gender dysphoria treatment is attached as Exhibit "A" to Plaintiff's Complaint, and Defendants' initial denial letter to Plaintiff is attached as Exhibit "B" to the Complaint.

Plaintiff subsequently submitted a request in November 2024 for a peer-to-peer discussion between her provider and the insurance company's selected provider, as permitted under the plan, and the insurance company's provider stated to Plaintiff's treatment provider that Plaintiff was not covered. *See* Pltf.'s Compl., ECF No. 1, at para. 23-24. In early December 2024, Plaintiff further submitted a request for reconsideration under Defendant's policy and, at the same time as the request for reconsideration, Plaintiff's counsel submitted correspondence outlining why Defendant's policy was not believed to be neutral, and was believed to be discriminatory on its face. *See id.* at para. 25-26. Plaintiff's counsel cited applicable case law

2

and stated in the correspondence to Defendant "that exclusions which expressly deny coverage for procedures only when 'associated with gender reassignment' have been found by Federal district courts to not be facially neutral and to constitute sex discrimination on their face," as Defendants' exclusion does in the instant case.  *See id.* at para. 26.  The attorney demand letter was submitted at the same time as the Plaintiff's request for reconsideration to provide Defendants with another opportunity, in good faith, for them not to deny the claim, and to rectify the matter without the need to commence the instant litigation.

However, Defendants still upheld their denial of Plaintiff's claim even in the face of the instant litigation.  On December 20, 2024, Plaintiff alleges "Defendants e-mailed Plaintiff a Final Adverse Benefit Determination, which, despite being provided notice that their conduct was against the law, Defendants' final denial again simply provides as the reason for the denial, 'Facial feminization surgery is considered not medically necessary **when performed as part of a gender reassignment.**'"  *See id.* at para. 28 (emphasis added).  No further reason was provided for the denial.  *See id.*  The Final Adverse Benefit Determination Plaintiff received from Defendants is attached to Plaintiff's Complaint as Exhibit "C."  From Plaintiff's perspective, Plaintiff alleges Defendants have doubled down on their blatant discrimination against Plaintiff and against members of the transgender community.  *See* Pltf.'s Compl., at para. 28.

The Complaint further alleges that "Plaintiff submitted letters of support from a medical doctor, who was Plaintiff's primary care provider, letters of support from two licensed clinical social workers employed with Plaintiff's primary care provider, her surgeon recommended the procedures as medically necessary and appropriate, Plaintiff submitted a personal statement, and Plaintiff submitted photographs of her face, as documentation in support of her claim, but Defendants still denied the claim."  *See id.* at para. 27.

3

Plaintiff alleges in her Complaint that Defendants "discriminated against Plaintiff and other people who are transgender by excluding the procedures Plaintiff sought because they were gender-affirming procedures which is discriminatory on its face and constitutes discrimination against Plaintiff because she is transgender." *See id.* at para. 29. Plaintiff alleges that, "Defendants, in practice, drew a line between the aforementioned procedures sought as a form of gender affirming care and treatment, and other procedures, and specifically excluded the aforementioned gender affirming procedures for Plaintiff and other transgender people with a gender dysphoria diagnosis." *See id.* at para. 34. Plaintiff alleges "Defendants intentionally carved out an exclusion based on Plaintiff's transgender status and discriminated against Plaintiff as a transgender person on the basis of sex." *See id.* at para. 36.

In further support of Plaintiff's claim of disparate treatment—treating similarly situated individuals outside of the protected class more favorably based on a protected characteristic—Plaintiff alleged in the Complaint that, "By considering certain procedures not medically necessary when sought as a form of gender-affirming care and treatment, and including as covered services those same procedures when they are medically necessary, but when they are not sought as a form of gender-affirming care and treatment, such conduct constitutes disparate treatment based on sex and discriminates against Plaintiff on the basis of Plaintiff's transgender status." *See id.* at para. 31. Plaintiff alleges also in support of her claim of disparate treatment that, "A patient who is born female can access the treatment when medically necessary and appropriate, but not a transgender patient who is born male, therefore, the exclusion draws a line based on sex." *See id.* at para. 32.

Plaintiff's Complaint alleges Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex and disability (gender dysphoria) in violation of Section 1557 of the

Patient Protection and Affordable Care Act ("ACA"). Plaintiff has also brought a cause of action for wrongful denial of benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). While Plaintiff alleges that Defendants, in practice, openly discriminate against transgender people by excluding gender-affirming care from Defendants' policies because the care is gender-affirming care, with respect to Plaintiff's ERISA claim, Plaintiff alleges that a closer reading of Defendants' policy, in fact, states that "some benefit plans may expressly cover some or all of the procedures listed below for gender dysphoria treatment," including facial feminization surgery among the procedures listed as procedures covered by the subject policy. *See* Pltf.'s Compl., at para. 108 (citing Defendants' Medical Policy on Gender Dysphoria, attached as Exhibit "A" to Plaintiff's Complaint). Plaintiff seeks equitable and injunctive relief including a declaration that Plaintiff and other members of the transgender community who suffer from gender dysphoria will be covered for facial feminization surgery and other gender-affirming procedures in the future, as well as for Defendants to undergo LGBTQ+ sensitivity training, and for out-of-pocket costs, attorneys' fees, and litigation costs from Defendants. *See* Pltf.'s Compl., *Ad Damnum* Clauses, Counts I-III.

With this Motion, Plaintiff seeks to proceed anonymously in the instant litigation. Plaintiff legitimately fears future harm against her on account of her gender identity if her name and address are revealed in this lawsuit. Plaintiff has also attached a Declaration to the instant Motion, as Exhibit "A" hereto, which has been redacted of her name and signature at this time. In the Declaration, Plaintiff has set forth specific facts which she contends give rise to a particularized fear of harm should her identity be disclosed in this litigation. As explained more fully below, courts have permitted anonymity for transgender litigants bringing claims of discrimination under similar circumstances. For all of the reasons set forth more fully below,

Plaintiff respectfully requests that this Court permit Plaintiff to adopt the pseudonym, "Jane Doe," in this litigation, and to redact her address from the Complaint and any amendment thereto.

## IV.     LEGAL ARGUMENT:

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there is a legitimate fear of social stigma resulting from disclosure of the party's sexual orientation or gender identity.  *See Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011); *see also Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In *Doe v. Megless*, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in *Doe v. Borough of Morrisville*, *supra.*, for its holding that cases involving a litigant's transgender status were generally appropriate for pseudonyms. *Megless*, 654 F.3d at 408-09 (citing *Doe v. Borough of Morrisville*, 130 F.R.D. at 614)).

The Third Circuit in *Doe v. Megless* explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Megless*, 654 F.3d at 408-09.  Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Megless*, 654 F.3d 404, 408 (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)); *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in *Megless* adopted a "non-exhaustive" list of factors from *Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1) The extent the litigant's identity has been kept confidential;

(2) The basis on which disclosure is feared or avoided, and its substantiality;

(3) The magnitude of the public interest in maintaining the litigant's confidentiality;

(4) Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

(5) Whether the litigant has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1) Whether there is universal public interest in accessing the litigant's identity;

(2) Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3) Whether opposing counsel, the public, or the press is illegitimately motivated.

*Megless,* 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467).

### A. Plaintiff Has Sufficiently Articulated a Legitimate Fear of Severe Harm That Is Reasonable Under the Circumstances.

The Third Circuit explained in *Doe v. Megless* that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity. *Megless*, 654 F.3d at 409.

Plaintiff notes that conditional grants of anonymity under analogous circumstances have recently been ordered in the Eastern District of Pennsylvania in several cases of discrimination involving similar subject-matter, alleged discriminatory denials of insurance coverage by insurance companies for facial feminization surgery, as a form of gender-affirming care and treatment, including in *Jane Doe v. Independence Blue Cross*, No. 2:23-cv-01530, ECF No. 4

7

(E.D. Pa. Apr. 21, 2023); *Jane Doe v. Drexel University, et al.*, No. 2:23-cv-03555, ECF Nos. 13-14 (E.D. Pa. Dec. 4, 2023); and *Jane Doe v. City of Philadelphia, et al.*, No. 2:24-cv-00468, ECF No. 4 (E.D. Pa. Feb. 2, 2024).  The holdings and the analyses in these cases are persuasive and should be similarly utilized in the instant case.

Additionally, in *Doe v. Commonwealth of Pennsylvania, et al.*, No. 19-2193, ECF No. 5 (M.D. Pa. Jan. 14, 2020), a Middle District of Pennsylvania case involving the alleged exclusion of gender affirming care from the Commonwealth of Pennsylvania's employer-sponsored health insurance plan, the Honorable Sylvia H. Rambo reasoned that anonymity for the plaintiff was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case." *Doe v. Commonwealth of Pennsylvania, et al.*, No. 19-2193, ECF No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020).  While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person." *Id.* at p. 3. *See also Doe v. Dallas*, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3) (anonymity permitted for transgender litigant alleging discrimination under the Affordable Care Act); *Doe v. Romberger*, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity permitted for transgender litigant bringing a challenge to obtain a gender-appropriate birth certificate).

Similarly, in several recent employment discrimination cases involving transgender employees in this jurisdiction, courts in the Eastern District of Pennsylvania have permitted conditional grants of anonymity to the employee in litigation under analogous circumstances.

*See, e.g., Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018); *Doe v. Triangle Doughnuts, LLC*, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020); and *Doe v. Genesis Healthcare*, No. 21-551 (E.D. Pa. Apr. 23, 2021).

Further, in *Doe v. Pennsylvania Department of Corrections*, the Hon. Matthew W. Brann of the Middle District of Pennsylvania found for the transgender employee in an employment discrimination case that they could pursue their case anonymously as "John Doe" in the litigation. *See Doe v. Pa. Dep't of Corrections*, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.). The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." *Id. See also Doe v. Univ. of Scranton*, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court permitted anonymity for an adult student alleging sexual orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

In the instant case, in further support of Plaintiff's argument regarding anonymity, she has attached a Declaration, submitted as Exhibit "A" to the instant Motion, where Plaintiff has alleged, in pertinent part, as follows:

1. Throughout my life, I have been mocked, insulted, and harassed with slurs for being transgender.

2. On one occasion, the harassment that I experienced occurred in public and was physical. Rocks were thrown at me, and slurs were directed at me based on my transgender status, on this occasion.

9

      3.      I fear that the disclosure of my personal identity in the present matter as well as the details of my personal health information will harm me in the future.

      4.      Based on my life to date, I fear that disclosure of my personal identity in this matter will cause me severe harm because of society's discrimination against and stigma toward people who are transgender.

      5.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*See* Declaration of Plaintiff, attached hereto as Exhibit "A," at para. 1-5.

Plaintiff's request comports with Third Circuit precedent, other courts' grants of anonymity to transgender litigants in this jurisdiction, as well as in the Middle District of Pennsylvania under similar circumstances. Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution for bringing the instant case.

The recent case of *T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634-JMG, 2023 WL 4868099 (E.D. Pa. July 31, 2023), in which the transgender plaintiff was not permitted anonymity in the litigation, is distinguishable because in that case the court's analysis was heavily influenced by the plaintiff's "voluntary decisions to identify herself in recent similar litigation and to reveal identifying information in the instant action," which are not facts that are present in the instant case. *See T.D.H. v. Kazi Foods of New Jersey, Inc.*, No. 5:23-cv-00634-JMG, 2023 WL 4868099, at *4 (E.D. Pa. July 31, 2023). Further, it should be pointed out that *T.D.H.* was an employment discrimination matter, not a matter concerning an insurance coverage denial. *T.D.H.* still cited affirmatively in the recent opinion of Judge Beetlestone in *Doe v. City of Philadelphia*, which was a case concerning an alleged discriminatory denial of insurance

coverage for gender affirming care, and a case upon which Plaintiff relies in the instant matter. Plaintiff has also sought to keep her name and address confidential in the instant litigation with the present Motion to Proceed Anonymously. Further, Plaintiff has attached a Declaration, unlike the plaintiff in *T.D.H.*, in which her name is redacted, in which she describes with particularity facts that would support her fear were her identity disclosed in this lawsuit. The instant matter is distinguishable from *T.D.H.* and Plaintiff's request in the instant matter to proceed anonymously should be granted.

Plaintiff respectfully requests that this Honorable Court permit her to adopt the name, "Jane Doe," in the instant litigation. Plaintiff requests that this Court permit Plaintiff to redact her home address from the Complaint and any amendment thereto. Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

### B. The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to *Megless*, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ." *Megless*, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity. *Id.*

Generally speaking, as stated above, people who are transgender are recognized as having a strong interest in keeping their identity confidential in civil litigation. *See Doe v. Pa. Dep't of Corrections, supra*, 2019 WL 5683437, at *2; *see also Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

11

Consideration of the public interest here also weighs in favor of Plaintiff and against Defendants.  In the instant case, in addition, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing Plaintiff's identity in the litigation. *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).  This consideration was also recently recognized by Judge Beetlestone in *Doe v. The Gardens for Memory Care at Easton*, an employment discrimination case brought by a transgender employee, where Judge Beetlestone reasoned that the public interest weighed in favor of the plaintiff in that case because the plaintiff was a "certified nursing assistant, not a public figure." *See Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018).  The instant matter is a matter brought by an insured concerning a coverage denial with respect to their health insurance plan.  Plaintiff is not a public figure.  This factor weighs in favor of granting Plaintiff's anonymity request.

Further, as recently recognized by the Middle District of Pennsylvania in two (2) recent decisions, while there may be an interest in general in the development of the law surrounding, as Judge Brann recognized, "transgender issues" or "transgender litigation," *see Doe v. Pennsylvania Department of Corrections, supra*, 2019 WL 5683437, at *2, there is, according to Judge Rambo, very little public interest in knowing the specific identity of any particular transgender litigant. *See Doe v. Commonwealth, supra*, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding their gender identity. Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not face severe harm, and so that Plaintiff is not outed beyond an extent to which she is comfortable.  If the instant Motion were denied, Plaintiff and potential

12

future litigants would be faced with the choice of proceeding with the case or having to drop the lawsuit to avoid revealing their identities. Plaintiff respectfully submits justice would not be served in such an instance.

Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request. Plaintiff respectfully requests that the instant Motion be granted.

### C. Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.

Plaintiff only seeks to keep a limited amount of information confidential. It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity." *See Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, *Doe v. The Gardens for Memory Care at Easton. See Doe v. The Gardens for Memory Care at Easton*, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint. More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, similar to *Doe v. The Gardens for Memory Care at Easton*, Plaintiff is agreeable, at this time, to engaging in discovery and conducting depositions with her legal name being used. Plaintiff is also not requesting that this case or any document be sealed at this time. Plaintiff is respectfully moving the Court for permission to proceed with the designation, "Jane Doe," and to redact her home address from the pleadings. Plaintiff only seeks to keep a limited amount of information confidential. The public can know about the facts and development of this case from the docket activity. Plaintiff respectfully requests that she be permitted to keep her name and home address private in court filings and that the instant Motion be granted.

## V.  CONCLUSION:

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, "Jane Doe"; and permit Plaintiff to redact her home address from the Complaint, and any amendment thereto.

DATED:  12/31/2024

Respectfully submitted,

*/s/ Justin F. Robinette*
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
One Liberty Place,
1650 Market Street, Suite 3600
PMB #2494
Philadelphia, PA 19103
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF NON-CONCURRENCE**

Undersigned counsel sent the instant Motion to Proceed Anonymously to Defendants via first class mail, facsimile, and electronic mail, on the date set forth below.  Undersigned counsel requested concurrence.  Defendants have not consented to the relief requested herein.

DATED:  12/31/2024                                  Respectfully submitted,

                                                                        Justin Robinette, Esquire
                                                                        PA Supreme Court I.D. No. 319829
                                                                        One Liberty Place,
                                                                        1650 Market Street, Suite 3600
                                                                        PMB #2494
                                                                        Philadelphia, PA 19103
                                                                        Tel: (267) 595-6254
                                                                        Fax: (267) 592-3067
                                                                        Justin@JRobinetteLaw.com

                                                                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, John Doe, in the above-named matter, do hereby certify that on this <u>31st</u> day of <u>DECEMBER</u>, <u>2024</u>, the foregoing Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof, was filed using the Court's electronic filing system, and sent via first class mail, facsimile, and electronic mail to Defendants, on today's date, or as soon thereafter as service can be effectuated, as set forth below:

### *VIA FIRST CLASS MAIL, FACSIMILE & ELECTRONIC MAIL*

Cigna Health and Life Insurance Company, Cigna Corporation,
and The Cigna Group
1350 Hall Boulevard,
Bloomfield, CT 06002
Facsimile: (866) 873-8279
Member.Grievances@CignaHealthcare.com

DATED: <u>12/31/2024</u>

Respectfully submitted,

*[signature]*

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
One Liberty Place,
1650 Market Street, Suite 3600
PMB #2494
Philadelphia, PA 19103
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*